UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLOS PROPERTIES, LLC, *et al*,

Plaintiffs,

v.

LELAND TOWNSHIP, MICHIGAN, *et al,*

Defendants.

Case No.: 1:26-cv-2307

Honorable Paul L. Maloney

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

**EXHIBIT D**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLOS PROPERTIES, LLC, *et al*,

Plaintiffs,

v.

LELAND TOWNSHIP, MICHIGAN, *et al*,

Defendants.

Case No.: 1:26-cv-2307

Honorable Paul L. Maloney


| | |
|---|---|
| Mark F. (Thor) Hearne, II (P40231)<br>TRUE NORTH LAW, LLC<br>Attorneys for Plaintiffs<br>112 South Hanley Road, Suite 200<br>St. Louis, MO 63105<br>Phone: (314) 296-4000<br>thor@truenorthlawgroup.com<br><br>Todd Millar (P48819)<br>PARKER HARVEY, PLC<br>Attorneys for Plaintiffs<br>901 S. Garfield Ave., Suite 200<br>Traverse City, MI 49686<br>Phone: (231) 486-4519<br>tmillar@parkerharvey.com | Bogomir Rajsic, III (P79191)<br>Tracey R. DeVries (P84286)<br>McGRAW MORRIS MASUD<br>Attorneys for Defendants<br>44 Cesar E. Chavez Avenue, SW, Suite 200<br>Grand Rapids, MI 49503<br>(616) 288-3700/Fax (248) 502-4001<br>brajsic@mcgrawmorris.com<br>tdevries@mcgrawmorris.com |


**AFFIDAVIT OF SARA SCHROEDER**

Sara Schroeder being first duly sworn, states and deposes as follows:

1. I am an adult, and I am personally able to testify concerning the information contained in this Affidavit.

2. I am a partner with Beckett & Raeder, Inc., a professional firm that specializes in land use planning in service of municipalities, state and federal agencies, institutions, and private sector clients. I hold an American Institute of Certified Planners designation and have worked in land use planning field for 20 years.

3. Through my employment with Beckett & Raeder, I contract with Leland Township (the "Township") as its Planner and Zoning Administrator. I started as the Township's Planner in 2023 and began handling some duties as the Township's Zoning Administrator in May, 2026, following the death of the Township's longtime Zoning Administrator, Tim Cypher. I was formally hired as the Township's Zoning Administrator in August, 2026.

4. In my role as the Township's Planner and Zoning Administrator, I am familiar with the Township's Zoning Ordinance (the "LTZO") and Apollos Properties, Inc.'s ("Apollos") special land use application and subsequent appeal regarding that application to the Township's Zoning Board of Appeals ("ZBA").

5. I am aware that Attorney Robert Parker, on behalf of Apollos, wrote to the Township through Attorney Thomas Grier, on April 28, 2026. In that letter, Attorney Parker took the position that Apollos appeal to the ZBA stayed proceedings and, according to Attorney Parker, "while the matter is on appeal before the Zoning Board of Appeals, Youth for Christ intends to resume its activities (as outlined to the Planning Commission) at the property commencing Tuesday, May 5th. If the Township contends that there is a legal basis prohibiting resumption, please let me know immediately."

6. Section 4.07 of the LTZO provides that:

> An appeal shall stay all proceedings in furtherance of the action appealed from unless the Zoning Administrator certifies to the Zoning Board of Appeals after notice of appeal has been filed with the Zoning Administrator, that by reason of facts stated in the certificate a stay would, in the Administrator's opinion, cause imminent peril to life or property, in which case the proceedings shall not be stayed otherwise than by a restraining order, which may be granted by the Zoning Board of Appeals, or, on application, by court of record.

7. As the Township Zoning Administrator, I made no such certification to the ZBA under Section 4.07 of the LTZO.

8. I did not interpret Attorney Parker's correspondence as inviting or requiring a response unless the Township took a position contrary to his.

9. I never told Attorney Parker or any other representative of Apollos, as Attorney Parker requested in his letter, that Apollos could not engage in activities as proposed in the special land use application to the Planning Commission at the property at 110 N. Lake Street during the pendency of the appeal to the ZBA.

10. I am not aware of any Township representative telling Apollos that it could not engage in activities as proposed in the special land use application to the Planning Commission at the property at 110 N. Lake Street during the pendency of the appeal to the ZBA.

11. I am aware that Plaintiffs contend that they were threatened with jail or financial penalties if they used the 110 N. Lake Street property for their proposed club use. I am not aware of any representative of Leland Township ever discussing, let alone threatening or proceeding with, any type of citation or sanction against Apollos or any of the other Plaintiffs in this lawsuit.

12. I have never threatened to sanction, cite, or fine Apollos or any of the other Plaintiffs in this lawsuit.

13. As Township Zoning Administrator, I have the authority to issue citations under the LTZO, however I have no intention of issuing any citations or fines to Apollos, or making a certification to the ZBA under Section 4.07 of the LTZO, during the pendency of the ZBA appeal related to their use proposed in the special land use application that was submitted to the Township Planning Commission.

14. I am also aware that Plaintiffs allege in this lawsuit that they were told they must cease use of the 110 N. Lake Street property while their special land use permit application was pending. I am not aware of anyone from the Township taking such a position.

15. Further Affiant sayeth not.

[Intentionally left blank]

Dated: Nov 3, 2026

[signature]
Sara Schreoder, AICP

Subscribed and sworn to before me this 3rd day of Nov, 2026.

Connie M. Preston
Notary Public
Leelanau, County, MI

My commission expires: 10-7, 2033